IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDRE DAVIS | ) | CASE NO. |
| 433 Aurora Drive | ) | |
| Youngstown, Ohio 44505 | ) | JUDGE: |
|        Plaintiff, | ) | |
| | ) | |
|        v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| THE FRED CHRISTEN & SONS | ) | |
| COMPANY | ) | **JURY DEMAND ENDORSED** |
| 714 George Street | ) | **HEREIN** |
| Toledo, Ohio 43608 | ) | |
| | ) | |
|   **Serve also:** | ) | |
|   FREDERICK R. CHRISTEN, | ) | |
|   Statutory Agent | ) | |
|   714 George Street | ) | |
|   Toledo, Ohio 43608 | ) | |
| | ) | |
|        Defendant. | | |

Plaintiff, Andre Davis, by and through undersigned counsel, as his Complaint against the

Defendant, states and avers the following:

## PARTIES, VENUE, AND JURISDICTION

1.  Davis is a resident of the city of Youngstown, county of Mahoning, state of Ohio.

2.  The Fred Christen & Sons Company is a domestic corporation with its principal place of

    business located at 714 George Street, Toledo, Ohio 43608.

3.  All of the material events alleged in this Complaint occurred in Ohio.

4.  Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. 2307.382(A)(3)

    and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

5.  Within 300 days of the conduct alleged below, Davis filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was processed as EEOC Charge No. 532-2021-01373.

6.  On July 13, 2022, the EEOC mailed a Notice of Right to Sue Letter in connection with EEOC Charge No. 532-2021-1373, which has been attached hereto as Plaintiff's Exhibit A.

7.  Davis has thus exhausted his administrative remedies before filing this Complaint.

8.  This Court has subject matter jurisdiction over Davis's discrimination claims under 28 U.S.C. § 1331 because they arise under federal statutes.

9.  This Court has subject matter jurisdiction over Davis's state-law claim under 28 U.S.C. § 1367(a) because that claim is so related to Davis's discrimination claims that it forms "part of the same case or controversy under Article III of the United States Constitution."

**FACTS**

10.  Davis is an African American man and former employee of Fred Christen & Sons. He was hired to work at Fred Christen & Sons through his labor union on or about January 18, 2021. At that time, he worked as a Third-Year-Apprentice Roofing Assistant.

11.  He also has scoliosis and his legs are uneven in length. These physical impairments substantially limit major life activities, including bending over, lifting, and moving. Despite these limitations, Davis could still work as a roofing assistant, as evidenced by the fact that he was a third-year apprentice when he began working for Fred Christen & Sons.

12.  When Davis began working for Fred Christen & Sons, he disclosed his physical conditions to the foreman on site, Dave ("Dave Last Name Unknown" or "Dave LNU"). Dave LNU was Davis's direct supervisor and is Caucasian. Upon hearing about Davis's physical conditions, Dave LNU assigned Davis to perform menial work, like picking up trash, rather

2

than roofing work. Davis, however, told Dave LNU that his physical impairments do not prevent him from doing roofing work. Davis explained that, at worst, he may occasionally need a break if his scoliosis were causing him too much pain, but that the break would be short and not stop him from doing the job as required. Nevertheless, Dave LNU only permitted Davis to perform the menial labor. Dave LNU did not make similarly situated non-impaired employees perform such menial work all the time.

13. Dave LNU also displayed racist tendencies. For instance, Dave LNU never assigned Caucasian employees to pick up trash, but Dave LNU assigned their similarly situated African American coworkers (including Davis) to perform that work. Likewise, Dave LNU made racially charged comments in remarking on the January 6, 2021 Riot. Dave LNU parroted President Trump's anti-immigration policies and conveyed his own white-nationalistic world view.

14. During his employment, Davis saw unsafe working conditions at Fred Christen & Sons. Davis saw that his coworkers were required to use broken equipment. Davis also coworkers using equipment on which they did not receive training. For example, Davis observed coworkers using power tools for electromagnetic fasteners even though nobody had training on using said equipment, nor did they have sufficient experience. Based on their lack of training and experience, Davis's coworkers were not qualified to operate said equipment. Likewise, Davis observed that welds were not done in accordance with industry standards.

15. Davis told Dave LNU about the unsafe working conditions that he saw. Dave LNU did not fix the unsafe conditions because he continued to require employees to work with broken equipment. Instead, Dave LNU responded by yelling at Davis and claiming that Davis was not doing his job correctly. He continued to tell Davis to "work faster," even though Davis

told Dave LNU that he was completing his tasks and only moved slowly because of his scoliosis.

16. On or about January 26, 2021, when Davis saw that his coworkers were still subject to unsafe working conditions, he told the safety director at Fred Christen & Sons about the unsafe conditions. Davis also repeated his concerns to Dave LNU, but Dave LNU replied by stating that "We don't have to go through all that safety crap."

17. On or about January 27, 2021, the day after Davis reported his safety concerns, Dave LNU fired Davis. Dave LNU told Davis that Dave LNU did not believe that Davis was physically capable of performing roofing work because of his disability. Dave LNU had no evidence on which to base that determination. In fact, given that Davis was a third-year apprentice, Davis was physically capable of performing roofing work. And at any rate, Dave LNU never asked whether there was a way to accommodate Davis's physical conditions. Thus, Dave LNU fired Davis for a discriminatory reason.

18. As a result of Defendant' unlawful acts, Davis has suffered, and will continue to suffer, damages, including emotional distress damages.

### COUNT I: RACE DISCRIMINATION UNDER TITLE VII

19. Davis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

20. Because he is African American, Davis is in a protected class based on his race.

21. Throughout his employment, Davis was treated less favorably than similarly situated Caucasian employees by being given menial work that was never given to similarly situated Caucasian coworkers.

22.  Davis's direct supervisor espoused racist views, which is circumstantial evidence that Davis's termination was motivated in part by his race.

23.  Davis was discharged for no legitimate reason.

24.  Fred Christen & Sons' conduct violates 42 U.S.C. § 2000e, which makes it unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."

25.  As a direct and proximate result of Defendant's conduct, Davis has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

26.  Davis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

27.  Based on his scoliosis and resulting physical condition, Davis is and was disabled within the meaning of 42 U.S. Code § 12102.

28.  Alternatively, Davis was regarded as having a physical impairment.

29.  Despite Davis's medical conditions, Davis is and was at all times qualified to perform his essential job functions for Fred Christen & Sons, with or without a reasonable accommodation.

30.  Davis's direct supervisor, Dave LNU, was aware of Davis's medical conditions.

31.  Dave LNU neither provided a reasonable accommodation (a short break, if needed when working on the roof) when requested, nor did he engage in the interactive process with Dave LNU.

32.  Instead, Dave LNU wholesale denied Davis the opportunity to perform roofing work solely on the basis of Davis's physical conditions.

33. Fred Christen & Sons' conduct violates 42 U.S.C. § 12112(a), which makes it unlawful to "discriminate against a qualified individual on the basis of disability."

34. As a direct and proximate cause of Fred Christen & Sons' conduct, Davis has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

35. Davis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

36. Ohio recognizes a common-law tort claim for employees who were discharged for a reason proscribed by public policy. *See Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990), *accord. Painter v. Graley*, 70 Ohio St.3d 377, 639 N.E.2d 51 (1994).

37. The source of public policy for such a claim may reside in state or federal statute, regulation, or constitutional provision, or in the common law.

38. There is a clear public policy embodied in R.C. 4101.11 and 4101.12 that requires employers to furnish safe working environments for both employees and frequenters.

39. There is a clear public policy embodied in 29 C.F.R. § 1926.20(b)(4) that requires employers to "permit only those employees qualified by training or experience to operate equipment and machinery."

40. During his employment, Davis told his employer that it was creating and sustaining unsafe working conditions by requiring employees to work with broken equipment and by letting employees operate equipment and/or machinery no which they lacked sufficient training or experience to operate.

41.  By firing Davis, Fred Christen & Sons made it less likely for a reasonable employee to report or oppose the creation or maintenance of unsafe working conditions, especially when that unsafe condition arises from employees' using machinery on which the lack adequate training or experience.

42.  Davis was fired the day after he made such a report, which shows that his firing was motivated by conduct related to the above-described public policies.

43.  Davis was fired without a legitimate business justification that permitted Fred Christen & Sons to otherwise do so.

44.  As a direct and proximate cause of Fred Christen & Sons' conduct, Davis has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Davis demands the following:

(a) That the Court issue an order requiring Fred Christen & Sons to expunge Davis's personnel file of all negative documentation;

(b) An award against Fred Christen & Sons of compensatory and monetary damages to compensate Davis for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Fred Christen & Sons in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Davis claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

8

Respectfully submitted,


/s/ Rocco J. Screnci

Brian D. Spitz (0068816)
Rocco J. Screnci (0100333)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  brian.spitz@spitzlawfirm.com
          rocco.screnci@spitzlawfirm.com


*Attorneys For Plaintiff Andre Davis*

8

## JURY DEMAND

Plaintiff Andre Davis demands a trial by jury by the maximum number of jurors permitted.

/s/ Rocco J. Screnci

Rocco J. Screnci (0100333)